IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT L. EVERLY                                                                                    PLAINTIFF

vs.                                            Civil No. 2:11-cv-02147

MICHAEL J. ASTRUE                                                                                DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Robert Everly ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed an application for SSI on March 5, 2009. (Tr. 11, 96).[1] Plaintiff alleged he was disabled due to back pain. (Tr. 120). Plaintiff alleged an onset date of February 1, 2007. (Tr. 120). This application was denied initially and again upon reconsideration. (Tr. 55-56, 63-64).

On August 21, 2009, Plaintiff requested an administrative hearing on his application. (Tr. 65). This hearing request was granted, and a hearing was held on April 8, 2010 in Fort Smith, Arkansas.

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

(Tr. 20-50). At this hearing, Plaintiff was present and represented by counsel, Michael Hamby. *Id.* Plaintiff and Vocational Expert ("VE") Monty Lumkin testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 24).

On July 19, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 11-16). In this decision, the ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") since March 5, 2009. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the severe impairments of mild degenerative disc disease of the lumbar spine and illiteracy. (Tr. 13, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ indicated she evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 13, Finding 5). First, the ALJ indicated she evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 15). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for the full range of unskilled medium work. (Tr. 13, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 15, Finding 9). The ALJ then used Medical-Vocational Guidelines Rule 203.25 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R.

pt. 404, subpt. P, app. 2, § 203.25. (Tr. 16). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of her decision. (Tr. 16, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5-7). *See* 20 C.F.R. § 404.968. On July 14, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On August 10, 2011, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 4.  Specifically, in his appeal brief, Plaintiff claims the ALJ erred in her RFC determination.  *Id.*  In response, the Defendant argues the ALJ did not err in any of her findings.  ECF No. 5.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for the full range of unskilled medium work. (Tr. 13, Finding 4). Plaintiff argues the ALJ erred in her RFC determination because his severe impairments of degenerative disc disease of the lumbar spine and illiteracy would not allow for the performance of medium work.

Plaintiff alleges a history of a back fracture and surgery approximately 20 years ago. However, Plaintiff was not able to provide any evidence to establish his medical history because according to his testimony, he did not like going to doctors and therefore he had no medical treatment records prior

to the filing date of his application. (Tr. 37-38). Plaintiff did allege an inability to pay for medical treatment, however, he has not provided any evidence that he sought treatment on or before his application date and was turned down due to his inability to afford medical care. *See Murphy v. Sullivan*, 953 F.2d 383, 386-387 (8th Cir. 1992).

Based on Plaintiff's lack of medical record history, he was refereed for a consultative physical examination. (Tr. 14). Plaintiff was seen by Dr. Stephine Frisbie on May 19, 2009. (Tr. 173-177). According to the report, Plaintiff's straight leg raising test and his reflex testing was fairly normal. (Tr. 174). Also, Plaintiff's joints revealed no deformity or instability, his strength was 5/5, sensation intact, and gait and coordination were normal. (Tr. 174). Dr. Frisbie indicated Plaintiff exhibited the ability to stand and walk without assistive devices, to walk on his heels and toes, as well as to squat and arise from a squat without difficulty. (Tr. 174).

Dr. Frisbie assessed Plaintiff's range of motion of both his lumbar and cervical spines as normal. (Tr. 175). Also, there was no evidence of psychological impairment. (Tr. 176). Dr. Frisbie also indicated there was no physical limitation in Plaintiff's ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak. (Tr. 176). Finally, x-rays of Plaintiff's lumbar spine revealed only mild degenerative disc space narrowing at L4-5 along with minimal levoscoliosis. (Tr. 184).

The medical record evidence was very limited and was all after his filing for disability benefits. On May 28, 2009, Plaintiff was seen at the Mercy Hospital of Scott County with complaints of low back pain for the past two weeks. (Tr. 187- 189). Plaintiff indicated his pain was moderate, however, his sensation and motor functioning were normal. (Tr. 189). Plaintiff could not recall any new injury. (Tr. 187). The remaining medical evidence was from Scott County Rural Health Care, where on August 1, 2009, Plaintiff reported right leg pain starting in his calf and moving up into his thigh. (Tr.

191).  Diagnostic tests revealed disc space narrowing at L4-5 and spurring.  (Tr. 193).

Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record.  This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 17th day of April, 2012.

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE

7